IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    Case No. 2:24-cr-00077-JDW |
| v. | : |
| | : |
| KENNETH ROACH | : |

### MEMORANDUM

Kenneth Roach seeks dismissal of his one-count indictment, arguing that the charge infringes his Second Amendment rights. However, because the Government has carried its burden of proving that dispossessing Mr. Roach is consistent with the Nation's history of gun regulation—given the danger he poses to others—and because Mr. Roach's other arguments fail, I will deny his Motion.

## I.   BACKGROUND

In 2002, Mr. Roach was convicted of possession with intent to distribute a controlled substance.[1] In 2003, he was convicted of firearms offenses.[2] And in 2004, he was convicted of aggravated assault, simple assault, recklessly endangering another person, and firearms offenses.[3]

---

[1] *See* Court of Common Pleas of Philadelphia County, Docket No. CP-51-CR-0414061-2002.

[2] *See id.*, Docket No. CP-51-CR-0306611-2003.

[3] *See id.*, Docket No. CP-51-CR-0701781-2003. The government further alleges that Mr. Roach pled guilty to simple assault and recklessly endangering another person while in custody in 2011 and was convicted of aggravated harassment by a prisoner in 2014. (*See* ECF No. 41, p. 5.) However, they don't offer evidence to substantiate these charges, so I didn't consider them in deciding this Motion.

A grand jury charged that on December 18, 2023, Mr. Roach possessed a Ruger 57, 5.7 x 28 mm semiautomatic pistol loaded with twenty live rounds of ammunition. While attempting to evade law enforcement that day, Mr. Roach sustained injuries to his head and foot after jumping ten feet into the foundation of a home under construction. At the hospital, doctors diagnosed him with traumatic brain injury, subarachnoid hemorrhage, and foot pain. On February 29, 2024, a grand jury indicted Mr. Roach on one count: a violation of 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm.

Mr. Roach argues that Section 922(g)(1) is unconstitutional as applied to him after the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and the Third Circuit's decision in *Range v. Att'y Gen. United States*, 69 F.4th 96 (3d Cir. 2023) ("*Range I*"). He also contends that I should dismiss the indictment because Section 922(g)(1) is unconstitutional on its face and exceeds Congress's enumerated powers. The Motion is ripe for disposition.

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) permits parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). This includes challenges to the constitutionality of the charging statute. *See id.* 12(b)(3)(B)(v). When considering a motion to dismiss under Rule 12, "a district court must accept as true the factual allegations set forth in the indictment." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012).

**III.    ANALYSIS**

    **A.    Section 922(g)(1) Is Constitutional As Applied To Mr. Roach**

The Second Amendment provides that a "well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. In *Bruen*, the Supreme Court held that for the government to justify a firearm regulation, it "must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." 597 U.S. at 17. In applying *Bruen*, courts use a two-step framework. First, a court "decide[s] whether the text of the Second Amendment applies to a person and his proposed conduct." *Range v. Att'y Gen. United States*, 124 F.4th 218, 225 (3d Cir. 2024) ("*Range II*") (citation omitted). If the answer is "yes," then the Government bears the burden to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* (quoting *Bruen*, 597 U.S. at 19).

In this case, the first step is easy. Governing precedent makes clear that despite his status as a convicted felon, Mr. Roach is one of "the people" who have Second Amendment rights. *See id.* at 228. And there is no dispute that Section 922(g)(1) regulates Second Amendment conduct by making it unlawful for anyone "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess any firearm or ammunition. 18 U.S.C. § 922(g)(1). The Government doesn't contest this step of the *Bruen* test.

3

The second step is the nub of Mr. Roach's motion. To resolve whether the Government may deprive Mr. Roach of his right to keep and bear arms, I must determine whether the Government has shown that applying Section 922(g)(1) to him would be "consistent with the Nation's historical tradition of firearm regulation." *Range II*, 124 F.4th at 228 (quotation omitted). Again, given recent controlling precedent, I have little trouble concluding that the Government has met its burden.

Last term, the Supreme Court held that "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *United States v. Rahimi*, 602 U.S. 680, 702 (2024). Even though the Court considered the constitutionality of a statute other than Section 922(g)(1), it determined that there was "ample evidence that the Second Amendment permits the disarmament of individuals who pose a credible threat to the physical safety of others." *Id.* at 693. Considering this particular historical tradition, "the Second Amendment's touchstone is dangerousness[.]" *Pitsilides v. Barr*, 128 F.4th 203, 210 (3d Cir. 2025) (quotation omitted). The question is therefore whether Mr. Roach "would likely 'pose[] a physical danger to others' if armed[.]" *Id.* (citation omitted). I have little trouble concluding that he does, as his prior conviction for aggravated assault is the type of offense that can "offer conclusive evidence" of dangerousness. *Id.* at 211. And his other criminal charges corroborate this assessment.

4

*First*, "though ... drug dealing [is] not necessarily violent, [it is] dangerous because [it] often lead[s] to violence." *Id.* at 213 (quoting *Folajtar v. Att'y Gen. of the United States*, 980 F.3d 897, 922 (3d Cir. 2020) (Bibas, J., dissenting)). At least one Court of Appeals has described drug dealing as a "prime example" of a crime that "pose[s] a significant threat of danger" and "justif[ies] a finding of danger" for Second Amendment purposes. *United States v. Williams*, 113 F.4th 637, 659 (6th Cir. 2024). And courts within the Third Circuit have determined that an underlying drug dealing conviction established a criminal defendant's dangerousness. *See, e.g.*, *United States v. Mollett*, No. 21-cr-16-21, 2025 WL 564885, at *7 (W.D. Pa. Feb. 20, 2025); *United States v. Newkirk*, No. 20-cr-623, 2024 WL 3518109, at *8 (D.N.J. July 23, 2024).

*Second*, the Third Circuit has noted that a defendant's "[f]ailure to comply with a state firearm law is at least arguably dangerous." *United States v. Dorsey*, 105 F.4th 526, 532 (3d Cir.), *cert. denied*, 145 S. Ct. 457 (2024). That makes sense, of course, because a "criminal conviction of unlawfully possessing a firearm 'demonstrates, at the very least, that [a defendant] has a history of disobeying firearm regulations specifically designed to protect public safety.'" *United States v. Garcia-Rivera*, No. 23-cr-118-01, 2023 WL 8894337, at *2 (E.D. Pa. Dec. 26, 2023) (quotation omitted).

*Third*, even a conviction for simple assault, like the one that Mr. Roach has, demonstrates a defendant's dangerousness. *United States v. Ames*, No. 23-cr-178, 2023 WL 5538073, at *3 (E.D. Pa. Aug. 28, 2023); *see United States v. Adams*, No. 23-cr-122,

5

2024 WL 54112, at *10 (M.D. Pa. Jan. 4, 2024). Again, that makes sense because under Pennsylvania law, a charge of simple assault requires proof that a person "attempt[ed] to cause or intentionally, knowingly or recklessly cause[d] bodily injury to another." 18 Pa. C.S.A. § 2701(a)(1). These elements speak directly to the physical threat that an individual poses to another and demonstrate that the person might engage in the types of confrontations that can escalate.

Rather than address his history, Mr. Roach argues that the injuries he sustained while fleeing the police mean that he doesn't "present[] such a danger today." (ECF No. 40, p. 8.) But the relevant inquiry is whether it was constitutional to disarm Mr. Roach as the time of the offense, not since he committed the offense. The injuries that Mr. Roach suffered after he possessed the firearm do not bear on whether possession was lawful in the first place. And, the fact that he suffered the injuries while he possessed the firearm doesn't change that fact because the possession crime was complete when he had the gun, before he suffered his injuries.

### B.    Section 922(g)(1) Is Constitutional On Its Face

Having determined that Section 922(g)(1) is constitutional as applied to Mr. Roach, his argument that the statute is unconstitutional on its face necessarily fails. A party asserting a facial challenge to a statute "must establish that *no* set of circumstances exists under which the [statute] would be valid." *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011) (emphasis added). "Because the statute is constitutional as applied to [Mr.

Roach], he has not shown that 'there is no set of circumstances' under which [Section 922(g)(1)] may be applied constitutionally." *Id.* at 415.[4] Thus, his facial challenge fails.

### C. Controlling Precedent Forecloses Mr. Roach's Final Argument

Mr. Roach seeks to preserve an argument that Section 922(g)(1) is inconsistent with the original public meaning of the Constitution's Commerce Clause. In doing so, however, Mr. Roach admits that "the Supreme Court's New Deal precedents and their progeny foreclose me (or any other District Judge) from second-guessing the Supreme Court's broad view of Congress's power to regulate commerce." (ECF No. 40, p. 11.) He is correct. *See United States v. Singletary*, 268 F.3d 196, 204 (3d Cir. 2001).

### IV. CONCLUSION

Section 922(g)(1) is constitutional as applied to Mr. Roach because of his history of dangerous conduct. That finding dooms his claim that the statute is unconstitutional on its face. In addition, his remaining argument is meritless. Thus, I will deny his Motion To Dismiss The Indictment. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
Joshua D. Wolson, J.

March 19, 2025

---

[4] Given what the Supreme Court and Third Circuit have said about Section 922(g)(1), I'm hard pressed to think that the statute would be unconstitutional if it applied to someone with a prior conviction of attempted murder, for example. Thus, there is a set of circumstances in which the statute would be valid, so the facial challenge in this case and others must fail.

Case 2:24-cr-00077-JDW    Document 43    Filed 03/20/25    Page 8 of 8